**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**BRIAN DAVIDSON,**                                                                                    **MOVANT**

**V.**                                                                              **NO.: 2:04CR178-SA**

**UNITED STATES OF AMERICA,**                                                          **RESPONDENT**


**MEMORANDUM OPINION AND ORDER**

Brian Davidson, a federal prisoner, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded to Davidson's motion, and this matter is ripe for review. Having considered the pleadings and the record, including the relevant parts of Davidson's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that Davidson's § 2255 motion should be denied.

**Background Facts and Relevant History**

On December 3, 2004, Brian Davidson and two other individuals were named in a seven-count indictment charging drug and firearm-related offenses. Davidson was charged in five counts, including one count of attempt to manufacture in excess of fifty grams of a mixture and substance containing a detectable amount of methamphetamine (Count Six), and one count of possession of a firearm during, in relation to, and in furtherance of, a drug trafficking crime

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

(Count Seven). On November 2, 2005, Davison pleaded guilty to Counts 6 and 7 of the indictment. Davidson's statutory range of imprisonment on Count 6 was not less than 5 years and not more than 40 years, with supervised release of at least 4 years but not exceeding 5 years. His statutory range of imprisonment for Count 7 was not less than 5 years with a maximum of 3 years of supervised release.

Davidson was sentenced on February 9, 2006, to 71 months imprisonment on Count 6 and 60 months imprisonment on Count 7, to run consecutively (for a total sentence of 131 months). He was further sentenced to 5 years of supervised release on each count, to run concurrently. Judgment was entered on February 17, 2006. Davidson did not appeal his plea or his sentence.

On or about November 5, 2012, Davidson, proceeding *pro se*, filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising the following issues, as construed by the Court: (1) his prior conviction should not have been used to enhance his sentence; and (2) his lawyer provided ineffective assistance by failing to inform him of any grounds on which to appeal his sentence.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the

Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

Additionally, a motion filed under § 2255 must comply with the statute's one-year period of limitation, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**Discussion**

Judgment was entered in this case on February 17, 2006. Because Davidson did not appeal, his conviction became on final on March 6, 2006, when the 10-day period for filing an appeal from the judgment expired. *See, e.g.*, Fed. R.App. P. 4(b); Fed. R.App. P. 26(a); *see also United States v. Plascenia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that where a defendant

does not file a direct appeal, a conviction becomes final for purposes of § 2255(f)(1) upon the expiration of time for filing a direct appeal under Federal Rule of Appellate Procedure 4(b)).[2] Therefore, Davidson's § 2255 motion was due by March 6, 2007.

Construing Davidson's motion liberally, the Court determines that Davidson argues that the exception contained in § 2255(f)(3) is applicable in his case. That provision requires that a § 2255 motion be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Davidson cites *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010)[3] and *United States v. Simmons*, 649 F.3d 237, 243-45 (4th Cir. 2011) (applying *Carachuri*) in support of his motion.

Davidson's motion fails to satisfy the requirements of § 2255(f)(3), as it is neither timely under this exception, nor does the Supreme Court's decision in *Carachuri* trigger the exception. *Carachuri* was decided June 14, 2010. Therefore, the one-year period of limitation for filing a claim relying on *Carachuri* expired June 14, 2011. Inasmuch as Davidson did not file his motion until on or about November 5, 2012, his motion is untimely under § 2255(f)(3).[4]

---

[2] In 2006, the appellate rules required that a defendant file a notice of appeal within 10 days following the entry of judgment, excluding Saturdays, Sundays, and legal holidays. Therefore, the Court has applied the rules as they existed in 2006 to the facts of Davidson's case. The Court notes, however, that the appellate rules now provide a 14-day period within which to appeal, and intermediate days are counted, unless the last day of the time period is a Saturday, Sunday, or legal holiday.

[3] *Carachuri* held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under § 1299b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act[.]'" *Carachuri,* 560 U.S. at 582.

[4] The Court otherwise notes that *Simmons* is not a Supreme Court case and does not, therefore, serve to extent the limitations period. Even if *Simmons* did qualify for purposes of §

Moreover, numerous federal courts have concluded that *Carachuri* is not retroactive. *See Galindo v. Warden, FCI Texarkana*, 5:13-cv-80, 2013 WL 6038866, at *2 (E.D. Tex. Nov. 14, 2013) (collecting cases).

Accordingly, Davidson's § 2255 motion was due by March 6, 2007, and none of the later "trigger" dates of § 2255(f) are applicable in this case. The instant motion, which was filed in November 2012, is, therefore, untimely.

Despite finding that his motion is untimely, the Court also determines that Davidson fails to state a claim. Davidson has alleged that he received the ineffective assistance of counsel because his attorney advised him that there were no grounds for appeal, and that his sentence was improperly enhanced by consideration of a prior conviction. First, the Court finds Davidson's claim of ineffective assistance of counsel to be vague and unsupported, which is insufficient to merit relief. *See, e.g., Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1988) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Moreover, the Court finds that Davidson's sentence was not enhanced due to a prior conviction. Davidson did not plead to enhanced penalties, and no notice of enhancement was filed. His total sentence of 131 months was just under one year more than the minimum mandatory sentence.

In sum, the Court finds that Davidson's motion is untimely, and that the claims raised herein are without merit.

## Certificate of Appealability

---

2255(f)(3), however, the Court notes that *Simmons* was decided August 17, 2011, and that the limitation period would have expired August 17, 2012, still rendering the instant motion untimely.

5

Davidson must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, the Court finds that a COA should not issue in this case.

**Conclusion**

The Court hereby finds that Davidson is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence (ECF No. 96) is **DENIED**, as is his motion requesting that the Court grant § 2255 relief (ECF No. 106).[5] A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 16th day of September, 2014.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

---

[5] On August 11, 2014, Davidson filed a motion for modification of his sentence (ECF No. 103). That motion remains pending and is not affected by this decision.